## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**Eddie Ray McKinney**                                                    **Plaintiff**

### No. 3:14-CV-004-JTR

**Carolyn W. Colvin, Acting Commissioner,**                      **Defendant**
**Social Security Administration**

## MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Eddie Ray McKinney seeks judicial review of the denial of his second application for social security disability benefits.[1]  McKinney bases disability on hearing loss, his back and left knee, and learning problems.[2]  Initially, McKinney alleged disability beginning in 1992,[3] but he later amended his onset date to coincide with his last day of work on December 19, 2008.[4]  On that day, McKinney was laid off from his job as a small products assembler for a manufacturer of automotive assemblies.[5]

**The Commissioner's decision**.  After considering the application, the

---

[1] SSA record at p. 122 (applying for disability benefits on Oct. 19, 2010 and alleging disability beginning Feb. 18, 1992).  *See id.* at p. 160 (showing prior application was denied on Dec. 5, 1995).

[2] *Id*. at p. 164.

[3] *Id*. at p. 122.

[4] *Id*. at p. 43.

[5] *Id*. at pp. 164-65, 170 & 182.

Commissioner's ALJ determined McKinney has severe impairments — hearing loss, degenerative joint disease in left knee, degenerative disc disease, and learning disorder[6] — but he can do light work, to include his former job as a small products assembler.[7]  Because a person who can do his former work is not disabled under the Social Security Act,[8] the ALJ concluded that McKinney is not disabled and denied the application.

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10]  McKinney filed this case to challenge the decision.[11]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

---

[6]*Id*. at p. 13.

[7]*Id*. at pp. 15 & 18.

[8]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[9]SSA record at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the

**McKinney's allegations of error**.  McKinney's argument flows from a deficiency in opinion-writing.  McKinney contends substantial evidence doesn't support the ALJ's decision, because the decision incorrectly describes his ability to work.  The description, he says, omits hearing loss, learning disability, and the need for a cane.  He also complains because the decision fails to state that he changed age categories during the pendency of his application.  These errors, he contends, requires the court to remand his case for a proper determination of his ability to work.[13]

**Applicable legal principles**.  In reviewing a decision denying an application for disability benefits, the court must determine whether the decision is supported by substantial evidence in the record as a whole.[14]  Substantial evidence exists if a reasonable mind would accept the evidence as adequate to support the decision.[15]  A substantial-evidence review requires a scrutinizing analysis — it is not mere a "rubber

---

Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 10.

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

stamp" of the Commissioner's decision[16] — however "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."[17]

**The ALJ's decision reflects a deficiency, but the deficiency had no practical effect on the outcome of the case**.  McKinney's argument is based on the following statement:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work…in that the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday.[18]

This statement omits limitation imposed by hearing loss.  Because no question exists about hearing loss, the statement does not accurately describe McKinney's ability to work.  Despite the inaccuracy, there is no need to remand this case because: (1) substantial evidence supports the decision, and (2) the inaccuracy had no practical effect on the outcome.

**Substantial evidence supports the decision because the vocational expert**

---

[16]*Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989); *Scott o/b/o A.S. v. Astrue*, 529 F.3d 818, 821 (8th Cir. 2008).

[17]*Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999).  *Accord Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992).

[18]SSA record at p. 15.

4

**identified work that does not require hearing**.  McKinney has severe to profound hearing loss in both ears.[19]  Audiologists recommended hearing aids, but McKinney isn't interested in hearing aids.[20]  The recommendation for hearing aids reflects medical opinion that McKinney's hearing loss can be treated; specifically, hearing aids can improve McKinney's hearing.  "An impairment which can be controlled by treatment…is not considered disabling."[21]

McKinney knows he can hear better with hearing aids, but he prefers to rely on a non-prescribed hearing amplification device purchased from a retail store.[22]  McKinney chooses not to comply with recommended hearing aids.  A claimant who refuses to comply with prescribed treatment does not qualify for disability benefits.[23]

The ALJ was well-aware of McKinney's hearing loss.  The ALJ ordered a hearing exam—McKinney never sought one—and discussed test results confirming

---

[19]*Id.* at p. 241 (agency hearing exam confirming severe to profound hearing loss in both ears).

[20]*Id.*

[21]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[22]SSA record at p. 45 (he uses a sound amplifier purchased from Radio Shack).

[23]20 C.F.R. §§ 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

hearing loss.[24]  The ALJ simply failed to include hearing loss in the description of McKinney's residual functional capacity.

**Omitting hearing loss from the description had no practical effect on the outcome because the ALJ asked the vocational expert about work that does not require good hearing or the ability to discern spoken instructions at normal conversation level**.[25]  In addition, the ALJ eliminated work hazards based on hearing loss.  The vocational expert identified three jobs as representative work; one of those jobs was McKinney's last job as a small products assembler.[26]  The vocational expert confirmed that the three representative jobs can be done without hearing.[27]  A reasonable mind would accept the evidence as adequate to support the decision because the vocational expert identified work that does not require hearing and because the representative jobs included McKinney's last job as a small products assembler.  Thus, substantial evidence supports the decision.

**Substantial evidence supports the decision because the ALJ asked the vocational expert about the proper age**.    Age is one of the factors the

---

[24]SSA record at p. 17.

[25]*Id*. at pp. 51-53.

[26]*Id*.

[27]*Id*. at p. 53.

Commissioner considers when determining whether a person is disabled. Because age affects a person's ability to adjust to other work, it's important for the ALJ to consider the correct age.[28]

McKinney was 49 years old when he applied for disability benefits; that age placed him in the "younger person" age category. By the time of the hearing, McKinney was 51 years old;[29] that age placed him in the "person closely approaching advanced age" category.

**The ALJ didn't acknowledge the change in age category, but the omission had no practical effect on the outcome because the ALJ asked the vocational expert about a 51-year-old hypothetical person.**[30] The vocational expert identified available work. Even if the ALJ had asked about the earlier age category, it wouldn't have changed the result because McKinney doesn't need to adjust to other work because he can do his last job. McKinney is not doing his last job because he was laid off, not because of age or an inability to adjust to other work.

**To the extent the ALJ erred, the error works in McKinney's favor because**

---

[28]20 C.F.R. §§ 404.1563(a) & 416.963(a) ("When we decide whether you are disabled…,we will consider your chronological age in combination with your residual functional capacity, education, and work experience.").

[29]SSA record at p. 44.

[30]*Id*. at p. 51.

**there is no evidence of a learning disorder or problems with the back or left knee**.  The ALJ ordered IQ testing, but the examiner did not diagnose learning disorder.[31]  Instead, the agency mental health consultant identified learning disorder as a "possible" impairment.[32]  A reasonable mind would not accept the possibility of a learning disorder as adequate to support the determination that learning disorder is a severe impairment, because McKinney obtained his GED[33] and worked until he was laid off.

The ALJ also ordered a physical examination — because McKinney had no treatment records — but the examiner did not diagnose degenerative joint disease in left knee or degenerative disc disease in the spine.[34]  The only basis for identifying these conditions as severe impairments is an assumption that a 51-year-old is bound to have degenerative changes in the knees and spine.  The physical examiner reported mild physical limitations;[35] the medical consultants determined that the medical

---

[31]*Id*. at pp. 234-35.

[32]*Id*. at p. 258 (possible learning disorder).

[33]*Id*. at p. 44.

[34]*Id*. at pp. 244-48.

[35]*Id*. at p. 248.

evidence establishes only hearing loss.[36] Identifying impairments in the absence of medical evidence acts in McKinney's favor by supporting a reduction to light work.

**No evidence supports the need for a cane**. McKinney says he needs a cane to walk from time to time, but he has never sought medical treatment. Up until he obtained legal representation, the only doctors he had seen were the agency examiners. After he obtained legal representation, he presented twice to an emergency room for a skin abscess, but he didn't complain about difficulty walking.[37] Instead, he stated that he sought disability benefits based on his back and hearing loss.[38] Neither of those complaints provide a basis for disability.

**Conclusion**. The deficiency in the ALJ's decision had no practical effect on the outcome in this case for the following reasons. Substantial evidence supports the decision because the vocational expert identified work that does not require hearing. The ALJ used the correct age in questioning the vocational expert about available work. There is no medical diagnosis of a learning disorder, degenerative joint disease, or degenerative disc disease. No medical evidence shows McKinney needs a cane. For these reasons, the court DENIES McKinney's request for relief (docket

---

[36]*Id*. at pp. 268-75.

[37]*Id*. at pp. 278 (Mar. 16, 2011) & p. 282 (May 18, 2011).

[38]*Id*. at p. 278.

entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 9th day of January, 2015.

_____
United States Magistrate Judge

10